# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHAUNNA MANN, a natural person,   Case No.
RODERICK MANN, a natural person,
and JIM GREEN, a natural person,

    Plaintiffs,   6-10-CV-172-ORL-35GJK

vs.

FORTRESS INVESTMENT GROUP, a
publicly-owned investment company;
ORCHARD DRIVE, LLC, a special purpose
entity; NEVADA GOLD, INC., a publicly-
owned casino management company;
TREVOR TAYLOR, a resident of Florida;
BRAD SCHER, a resident of New York; and
DOES 1 through 100,

    Defendants.

_____/

## COMPLAINT OF SHAUNNA MANN, RODERICK MANN AND JIM GREEN, ON THEIR OWN BEHALF AND ON BEHALF OF THE EMPLOYEE CLASS AND THE DEDUCTION CLASS

Plaintiffs Shaunna Mann, Roderick Mann and Jim Green are "affected

employees" as that term is used in the Worker Alignment and Retraining Act, 29

U..S.C. §2101(a)(5) (the "WARN Act", 21 USC §2101 et seq).  Plaintiffs file their

Complaint on behalf of themselves and two different classes of similarly situated

employees (as provided in Section 2104(a)(5) of the WARN Act) and include other

claims outside the WARN Act. Based upon information and belief, Plaintiffs state as follows:

## 1. INTRODUCTION

1.      Plaintiffs are maritime employees and land-based employees of SunCruz Casinos. SunCruz Casinos is a group of affiliated companies under the day-to-day control of managers at Fortress Investment Group, a $10 billion publicly-owned investment company ("**Fortress**"). Fortress controlled the day-to-day operations of SunCruz Casinos through special purpose entities. Fortress shared its control with a publicly-owned casino management company, Nevada Gold, Inc. ("**Nevada Gold**"), as well as individuals it appointed and directed on a daily basis, including defendants Bradley Scher and Trevor Taylor. Defendants Fortress, Nevada Gold and the special purpose entities described below are referred to collectively herein as the "**SunCruz Employer**"). For WARN Act purposes, all of the entities described below as constituting the "SunCruz Employer" were together a single "employer" under the WARN Act, and Plaintiffs were "affected employees" that suffered an "employment loss" due to a "plant closing" pursuant to 29 USC §2101.

2.      Pursuant to WARN Act §2104, Plaintiffs are pursuing claims on their own behalf and on behalf of two different classes of similarly situated "affected employees". The "**Employee Class**" includes between 650 and 700

"affected employees" that were terminated by SunCruz Employer on or about
December 15, 2009, at various employment sites in Florida and South Carolina.
The "**Deduction Class**" is a subset, and includes some but not all of the members
of the Employee Class.  Members of the "Deduction Class" all had deductions
taken from their paychecks to pay of heath insurance that was never purchased
(and so they were defrauded under Florida and federal laws, as described below).

      3.      Outside of the WARN Act, Plaintiffs were the subject of a
fraud and suffered violations of Florida's "right to work" labor laws (and for South
Carolina employees, South Carolina's labor laws).  For example, health insurance
premiums were deducted from their paychecks as part of a promise to pay by the
SunCruz Employer, for employee health insurance.  However, no health insurance
was purchased with the money that was deducted from employee paychecks,
which money instead went to defendants Fortress and Nevada Gold.  As a result of
this fraud, and the other violations of Florida and South Carolina labor laws,
Plaintiffs lost those moneys, incurred medical costs, and lost their COBRA rights.

## 2. JURISDICTION AND VENUE

      4.      Plaintiffs' claims arise in part under the WARN Act, *29 U.S.C.*
*§2102 et seq.*, which is a federal statute regulating interstate commerce. The Court
has subject matter jurisdiction pursuant to *28 U.S.C. §§1331* and *1337.*  Pursuant

to *28 U.S.C. §1367,* the Court has supplemental jurisdiction over any state and common law claims raised.

5.        This District constitutes the proper venue under the WARN Act, 21 USC §2104(a)(5).  A large number of members of the Employee Class and the Deduction Class worked at the SunCruz facility in Port of Canaveral and on maritime vessels docked there.  In addition, bankruptcy and admiralty cases involving some of the SunCruz Employers are already filed in this District.

## 3. PARTIES

1.        Plaintiff Shaunna Mann is a natural person residing at 724 Downing Street, New Smyrna, FL  32168.  Ms. Mann was an "affected employee" who was terminated on or about December 15, 2009 by the "plant closing" of the SunCruz facilities where she worked.  Ms. Mann is a member of the Employee Class and the Deduction Class.

2.        Plaintiff Roderick Mann is a natural person residing at 724 Downing Street, New Smyrna, FL  32168.  Mr. Mann was an "affected employee" who was terminated on or about December 15, 2009 by the "plant closing" of the SunCruz facilities where he worked.  Mr. Mann is a member of the Employee Class and the Deduction Class.

3.        Plaintiff Jim Green is a natural person residing 11356 NW 56th Street, Miami, FL  33178.  Mr. Green was an "affected employee" who was

terminated on or about December 15, 2009 by the "plant closing" of the SunCruz

facilities where he worked.  Mr. Green is a member of the Employee Class but not

the Deduction Class.

4.        Defendant Fortress Investment Group, a $10 billion publicly-

owned investment company ("**Fortress**").  Fortress owns gaming assets, or is

licensed to conduct gaming, in State of Nevada, State of New Jersey and many

other gaming jurisdictions.  Managers at Fortress controlled the day-to-day

decision-making by the SunCruz Employer; Fortress is one of the entities

constituting the SunCruz Employer, and was the "employer" of Plaintiffs and the

Employee Class pursuant to WARN Act §2101(a)(1).

5.        Defendant Orchard Drive, LLC ("**Orchard**") is a special

purpose entity controlled by Fortress.  Orchard owns the debt and outstanding

stock of other special purpose entities operating SunCruz Casinos, including

Oceans Casino, Ventures South Carolina and Vessels (defined below).  Orchard is

one of the entities constituting the SunCruz Employer, and was also the

"employer" of Plaintiffs and the Employee Class pursuant to WARN Act

§2101(a)(1).

6.        Ocean Casino Cruises, Inc. ("**Oceans Casino**"), Ventures South

Carolina, LLC ("**Ventures South Carolina**"), and Vessel Casinos, Inc.

("**Vessels**") are each a special purpose entity controlled by Fortress.  Fortress and

Orchard own and control their debt and outstanding stock.  Because Oceans Casino, Ventures South Carolina and Vessels are in bankruptcy, none are defendants herein.  Oceans Casino, Ventures South Carolina and Vessels are entities constituting the SunCruz Employer, and were also the "employer" of Plaintiffs and the Employee Class pursuant to WARN Act §2101(a)(1).

7.        Defendant Nevada Gold, Inc. ("**Nevada Gold**") is a publicly-owned casino management company headquartered at 50 Briar Hollow Lane, Suite 500 West, Houston, TX 77027.  Nevada Gold is licensed to conduct gaming in State of Colorado, State of Washington and other gaming jurisdictions.  Mr. Bob Sturges at Nevada Gold acted upon defendant Fortress' daily instructions and so shared control of the day-to-day decision-making by the SunCruz Employer; Nevada Gold is one of the entities constituting the SunCruz Employer, and was the "employer" of Plaintiffs and the Employee Class pursuant to WARN Act §2101(a)(1).

8.        Defendant Trevor Taylor is a resident of Florida and was an officer or director of Oceans Casino, Ventures South Carolina and Vessels.  He was in daily communication with managers at Fortress and Nevada Gold.  Because he is an individual, he is not named as a defendant in the WARN Act cause of action, but is named in the fraud cause of action and others.  D&O insurance has lapsed.

9.      Defendant Brad Scher is a resident of New York and was an officer or director of Oceans Casino, Ventures South Carolina and Vessels. He was in daily communication with managers at Fortress and Nevada Gold. Because he is an individual, he is not named as a defendant in the WARN Act cause of action, but is named in the fraud cause of action and others. D&O insurance has lapsed.

10.     The true names and capacities of defendants DOES 1 through 100, whether individual, corporate, associate or otherwise, are not known. Therefore, the DOE defendants are sued under fictitious names, and leave of this Court will be requested to amend this Complaint to show their true names and capacities when the same have been ascertained. Each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to in this Complaint, and proximately caused at least some of the injuries and damages alleged herein.

11.     Upon information and belief, at all times mentioned herein, some (but not all) of the defendants were the affiliate, subsidiary, officer, partner, agent, servant, employee, representative or exercised powers jointly with one or more of some (but not all) of the remaining defendants; that in such case, in the events described defendant(s) was acting within the course and scope of such affiliation, partnership, agency, service, employment, representation or joint

powers agreement, with the knowledge and consent of the latter defendant(s), and

that in each such case, the first defendant(s) is jointly and severally liable for the

actions of the latter defendant(s).

## 4. CLASS ALLEGATIONS FOR THE EMPLOYEE CLASS

12.     Plaintiffs sue on their own behalf, and on behalf of two separate

but interrelated classes of similarly situated plaintiffs pursuant to Federal Rule of

Civil Procedure 23. The first class of similarly situated plaintiffs (the "**Employee**

**Class**") consists of all employees of Oceans Casinos, Ventures South Carolina and

Vessels who worked at the SunCruz Facilities (defined below).  There are

approximately 650 to 700 plaintiffs in the Employee Class, including Plaintiffs

Shaunna Mann, Roderick Mann and Jim Green.

13.     The Employee Class satisfies the prerequisites of FRCP 23:

(a)     FRCP 23(a)(1) requires a numerous class where joinder is

impracticable.  That requirement is met as approximately 650 to 700 SunCruz

employees in at least four SunCruz Facilities were "affected employees" under

WARN Act §2101 and were similarly affected by the nearly simultaneously

termination of all operations at the SunCruz Facilities.   Joinder of all such affected

employees would be impracticable, especially as many are maritime employees

and now are onboard a variety of maritime vessels sailing to international ports of call.

(b)     FRCP 23(a)(2) requires that there are questions of law or fact common to the Employee Class.  That requirement is met because all class members were terminated at the same time and in the same manner in violation of the WARN Act.  The WARN Act was violated by the same defendants and the same declaratory relief is asserted by all members of the Employee Class.  The WARN Act is explicitly designed to be amenable to class action lawsuits pursuant to WARN Act §2104.

(c)     FRCP 23(a)(3) requires that the claims of the representative plaintiffs are typical of the claims of the Employee Class. That requirement is met because claims raised by Plaintiffs Mann, Mann and Green under the WARN Act are typical of the other "affected employees" in the Employee Class, because they were terminated in the same manner and in the same time frame and without any warning as other members of the Employee Class, and suffered similar "employment losses" as other members of the Employee Class.  The representative plaintiffs are represented by skilled counsel and seek the same recovery as the Employee Class as a whole.

(d)     FRCP 23(a)(4) requires that representative Plaintiffs will fairly and adequately protect the interests of the Employee Class.   That requirement is

met because Plaintiffs are not being financially compensated for their role as representative Plaintiffs. They have no financial incentives from other members of the Employee Class or counsel.

14. The Employee Class is maintainable as required by FRCP 23(b). WARN Act §2104 specifically provides for use of a class action to redress violations.

(a) Prosecuting separate actions by individual members of the Employee Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for SunCruz Defendants. In addition, individual adjudications of individual class members might be dispositive of the interests of other members and might substantially impair or impede the ability of those other members to protect their own interests.

(b) The SunCruz Defendants have acted or refused to act on grounds that apply generally to the Employee Class, so that final relief is appropriate respecting the Employee Class as a whole.

(c) Questions of law or fact are common to members of the Employee Class and predominate over any questions affecting only individual members.

(1) Members of the Employee Class were similarly affected by the actions of SunCruz Defendants and the December 2009 termination, as well as

actions of SunCruz Defendants before and afterwards. The Employee Class possesses the same claims under the WARN Act.

(2) A class action is superior to other available methods for fairly and efficiently adjudicating this dispute. In particular, the interests of the members of the Employee Class in proceeding by means of a class action predominate over the prosecution of any individual action by any class member. Class members bringing individual claims would likely create varying results that would be inconsistent with each other and set precedent affecting other Class members' cases.

(3)    There is no existing litigation begun by any individual member of the Employee Class concerning WARN Act complaints.

(4)    It is desirable to concentrate litigation in Orlando where the admiralty and bankruptcy litigations are already begun. It is likely that any settlement of the maritime and bankruptcy cases would also settle this case, and likewise, any judgment in the admiralty and bankruptcy cases would likely affect the judgment in this case.

(5)    Few difficulties are expected in managing the Employee Class. All employee contact information is already collected on a single database, a website for class members is already posted, and a great many class members have already communicated with counsel's office.

## 5. CLASS ALLEGATIONS FOR THE DEDUCTION CLASS

15.     The second class of similarly situated plaintiffs (the

"**Deduction Class**") is nearly a subset of the Employee Class.  The Deduction

Class consists of all employees of Oceans Casinos, Ventures South Carolina and

Vessels who worked at the SunCruz Facilities and from whose paychecks were

deducted amounts for health insurance premiums.  There are over 500 plaintiffs in

the Deduction Class, including Plaintiffs Shaunna Mann and Roderick Mann, but

not including Plaintiff Jim Green.

16.     The Deduction Class satisfies the prerequisites of FRCP 23:

(a)     FRCP 23(a)(1) requires a numerous class where joinder is

impracticable.  That requirement is met as over 500 SunCruz employees in at least

four SunCruz Facilities had deductions from their paychecks taken for health

insurance, which health insurance premium was never paid to the provider.  All

lost their health insurance coverage and their COBRA rights.   Joinder of all such

affected employees would be impracticable, especially as many are maritime

employees and now are onboard a variety of maritime vessels sailing to

international ports of call.

(b)     FRCP 23(a)(2) requires that there are questions of law or fact

common to the Deduction Class.  That requirement is met because all class

members were the victims of the same fraud.  The paycheck deduction was not

used to pay for a policy of health insurance, but to further line the pockets of Fortress and Nevada Gold. The same declaratory relief is asserted by all members of the Deduction Class.

(c)     FRCP 23(a)(3) requires that the claims of the representative plaintiffs are typical of the claims of the Deduction Class. That requirement is met because claims raised by Plaintiffs Mann and Mann are typical of the other members of in the Deduction Class, because they relied upon deductions from their paycheck to provide for employer-sponsored health insurance. They like other class members are now uninsured and have lost COBRA rights. The representative plaintiffs are represented by skilled counsel and seek the same recovery and declaratory relief as the Deduction Class as a whole.

(d)     FRCP 23(a)(4) requires that representative Plaintiffs will fairly and adequately protect the interests of the Deduction Class.   That requirement is met because Plaintiffs are not being financially compensated for their role as representative Plaintiffs. They have no financial incentives from other members of the Deduction Class or counsel.

17.     The Deduction Class is maintainable as required by FRCP 23(b).

(a)     Prosecuting separate actions by individual members of the Deduction Class would create a risk of inconsistent or varying adjudications that

would establish incompatible standards of conduct for SunCruz Defendants.  In addition, individual adjudications of individual class members might be dispositive of the interests of other members and might substantially impair or impede the ability of those other members to protect their own interests.

(b)     The SunCruz Defendants have acted or refused to act on grounds that apply generally to the Deduction Class, so that final relief is appropriate respecting the Deduction Class as a whole.

(c)     Questions of law or fact are common to members of the Deduction Class and predominate over any questions affecting only individual members.

(1)     Members of the Deduction Class were similarly affected by the actions of SunCruz Defendants and the December 2009 termination, as well as actions of SunCruz Defendants before and afterwards.  The Deduction Class possesses the same claims under the WARN Act.

(2) A class action is superior to other available methods for fairly and efficiently adjudicating this dispute.  In particular, the interests of the members of the Deduction Class in proceeding by means of a class action predominate over the prosecution of any individual action by any class member.  Class members bringing individual claims would likely create varying results that would be

inconsistent with each other and set precedent affecting other Class members' cases.

(3)     There is no existing litigation begun by any individual member of the Deduction Class concerning fraud based upon deductions from their paychecks.

(4)     It is desirable to concentrate litigation in Orlando where the admiralty and bankruptcy litigations are already begun.  It is likely that any settlement of the maritime and bankruptcy cases would also settle this case, and likewise, any judgment in the admiralty and bankruptcy cases would likely affect the judgment in this case.

(5)     Few difficulties are expected in managing the Deduction Class. All employee contact information is already collected on a single database, a website for class members is already posted, and a great many class members have already communicated with counsel's office.

## 6.     FACTUAL ALLEGATIONS AND CLAIMS AGAINST DEFENDANTS

18.     After the gangland-style murder of its owner in or around 2001, SunCruz Casinos was plunged into bankruptcy, cleaned up, and brought out of bankruptcy with new financing in excess of $30 million.  There were new owners,

including the notorious Jack Abramoff and current owner Robert Weisberg, but
most of the financing was debt provided by hedge fund Zwirn & Company.

19.     In or around 2005, Defendant Fortress purchased the debt from
Zwirn and assumed the role of lender to SunCruz.

20.     In November 2008 – more than one year <u>before</u> the December
2009 termination – SunCruz Casinos was massively in default of their debt to
Fortress. Defendant Fortress caused a foreclosure on the stock of SunCruz Casinos
(Ocean Casinos, Ventures South Carolina and Vessels) and took all ownership
interests and operational control. Because Fortress is a private equity fund – and
not a traditional lender -- it decided to own, manage and control SunCruz Casinos
for its greater profit (whereas a traditional lender might have sought to dispose of
assets to repay the debt).

21.     At about the same time, in November 2008, Defendant Fortress
delegated some of its operational control to defendants Nevada Gold (a casino
management company), defendant Brad Scher (a liquidation specialist hired by
Fortress managers), defendant Trevor Taylor (a former Nevada Gold employee
appointed CEO), and certain Doe defendants. Defendants Fortress and Nevada
Gold attempted to disguise this day-to-day operational control through a variety of
legal fictions and "independent" directors and officers, including Messrs. Scher,
Taylor and Does. There was also a management contract between Nevada Gold

and the SunCruz Employer providing for an explicit operational role in running the casinos onboard the vessels. In fact, Fortress managers and employees, and Nevada Gold's CEO Bob Sturges, were in daily contact with Scher and Taylor and made all day-to-day decisions for the SunCruz Employer.

22.     One method of control was a financial mechanism designed to ensure <u>daily</u> control of operations. Defendants Fortress and Orchard would daily "sweep" all cash out of SunCruz Casinos, and then "loan back" the same money (with loan fees charged anew every day). Another method was the daily phone contact – often several times each day – by which such operations were directed.

23.     Based upon a variety of factors, defendants Fortress, Orchard and Nevada Gold, together with non-defendants Ocean Casinos, Ventures South Carolina and Vessels (together, the **"SunCruz Employer"**) constituted a "single employer" under the WARN Act, 29 USC §2101(a)(1) and 20 C.F.R. 639.3(a). *Among other things*, the SunCruz Employer may be determined to be a "single employer" based upon factors listed in 20 C.F.R. 639.1(a)(2), including (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations.

24.     On or about December 10, 2009, the SunCruz Employer had over $1.6 million in working capital and could pay bills as they became due. For

the past 60 days, they had deducted from the payroll checks of members of the

Deduction Class health insurance premium amounts.  A health insurance policy

and other benefits were supplied to members of the Employee Class (under ERISA

and otherwise).  A common set of personnel policies covered all members of the

Employee Class and all members of the Deduction Class, and provided for

severance pay of one week per year of employment.  Personnel policies and local

labor laws provided for vacation and sick pay as well as other benefits, including

reimbursement for certain sales expenses and other wage items.

25.     On or about December 14, 2009, Fortress and Nevada Gold

caused the SunCruz Employer to disgorge the entirety of this cash for their own

benefit, emptying casino cage cash and "sweeping" cash accounts and leaving (i)

all creditors unpaid; (ii) all gambling debts owed by SunCruz Casino unpaid; (iii)

all employee wages, health insurance policies and other employee benefits unpaid;

(iv) all maritime lien claimants unpaid; and (v) at least some taxes and government

fees unpaid.   The $1.6 million was used to provide greater profit to Fortress and

Nevada Gold.

26.     Thereafter, the same defendants paid certain members of the

Employee Class some of the back wages owed.

27.     On or about December 17, 2009, or within 5 business days

thereafter, SunCruz Employers terminated all 650 to 700 members of the

Employee Class, which included all employees of Ocean Casinos, Ventures South Carolina and Vessels.  There was no 60-day notice to affected employees, any employee representative, any State or local government unit.  Surfside Princess and Nevada Gold.  SunCruz Employer closed the following **"SunCruz Facilities"**.

(a)   Corporate headquarters at 647 East Dania Beach Blvd., Dania, FL 33004, which may or may not include a dry-dock area devoted to a maritime vessel commonly known as the *SunCruz 34-foot speed boat;*

(b)   In Port Canaveral, Florida, dock, buildings and maritime vessel *Surfside Princess* (commonly known as *SunCruz XII*).

(c)   In Port of Jacksonville, Florida, dock, buildings and maritime vessel commonly known as *SunCruz VI.*

(d)   In Port of Little River, South Carolina, dock, buildings and maritime vessel commonly known as *SunCruz VIII.*

(e)   In Port of Key Largo, Florida, dock, buildings and maritime vessels commonly known as *SunCruz I* and *SunCruz Taxicab.*  Operations at this facility had been closed at a prior date (and that plant closing is not contested here), but one or more facilities, vessels or employees may have remained there in a custodial role.  In addition, there was a chartered maritime vessel commonly known as *SunCruz VII* operated out of Port of Savannah, Georgia, but it is unknown if there

were any members of the Employee Class stationed at any possible facilities at that location.

28.　　　After the termination, and after appropriating to themselves the $1.6 million in working capital in the SunCruz Employer, Fortress, Orchard and Nevada Gold caused Oceans Casino, Ventures South Carolina and Vessels to (i) default on insurance payments that were commensurate with employee deductions; (ii) enter Chapter 7 proceedings voluntarily; and (iii) . Among other things, they so directed Brad Scher, hired and instructed bankruptcy Counsel Brian Dillworth and heavily lobbied the Trustee Sonya Salkin to disperse the company, all to cover their egregious conduct and make more difficult any remedy by the Employee Class or the Deduction Class.

29.　　　The SunCruz Defendants' conduct in breaching its promises and legal duties to members of the Employee Class, and to members of the Deduction class, was arbitrary, discriminatory, and in bad faith.

## COUNT I – VIOLATION OF THE WARN ACT

(By Plaintiffs Shaunna Mann, Roderick Mann, Jim Green and the Employee Class Against Defendants Fortress, Orchard and Nevada Gold)

30.　　　The paragraphs 1 through 29 are repeated hereby as if set forth at length herein.

31. The WARN Act, *29 U.S.C. §2102,* is applicable to the SunCruz Employers. Under *29 U.S.C. §2102*(a), the SunCruz Employers were required to provide written 60-day notice to affected employees, the States of Florida and South Carolina, and the local government units for closure of the SunCruz Facilities. No such notice was provided 60 days prior to the plant closings on or about December 15, 2009 and the terminations of members of the Employee Class at that time. The SunCruz Employer's conduct violated the WARN Act.

32. During the 60-day period, members of the Employee Class earned wages, benefits under ERISA, other benefits, accrued vacation pay, sick pay, and severance pay. In addition, in prior period, further amounts of benefits and wages were accrued and were due to be paid. While some such amounts have been paid, other amounts have not.

## 7. COUNT II -- DECLARATORY RELIEF (28 U.S.C. § 2201)

(By Plaintiffs Shaunna Mann, Roderick Mann, Jim Green and the Employee Class Against Defendants Fortress, Orchard and Nevada Gold)

33. The paragraphs 1 through 31 are repeated hereby as if set forth at length herein.

34. Plaintiffs seek a declaration, pursuant to 28 U.S.C. § 2201, that (a) Fortress, Orchard and Nevada Gold are responsible for all debts to members of

Employee Class for wages, benefits, severance pay, sick pay, vacation pay, as well as all violations of Florida and South Carolina labor laws; and (b) Fortress, Orchard and Nevada Gold are responsible of all gambling debts left unpaid.

35.      A justiciable controversy now exists between the parties that Plaintiffs have standing to pursue and that is capable of resolution by this Court.

## COUNT III – FRAUD

(By Plaintiffs Shaunna Mann, Roderick Mann and the Deduction Class Against Defendants Fortress, Orchard and Nevada Gold)

36.      The paragraphs 1 through 29 are repeated hereby as if set forth at length herein.

37.      The deduction from paychecks of members of the Deduction Class constitutes fraud under the laws of Florida, and violates labor laws there.

38.      The deduction from paychecks of members of the Deduction Class constitutes fraud under the laws of South Carolina and violates labor laws there.

39.      The deduction from paychecks of members of the Deduction Class constitutes fraud under federal common and statutory law and violates federal labor laws.

40.    The failure to provide health insurance and other benefits was done maliciously and merit punitive damages.

## 8. RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request the following relief:

41.    Penalties under the WARN Act;

42.    All unpaid amounts due to members of the Employee Class for wages, ERISA benefits, other benefits, health insurance amounts, medical costs that would have otherwise been covered by health insurance, and the value of lost COBRA rights.

43.    All unpaid amounts due to members of the Deduction Class for health insurance amounts, medical costs that would have otherwise been covered by health insurance, and the value of lost COBRA rights.

44.    Declaratory relief as requested in count II.

45.    Damages for fraud including punitive damages.

46.    That this Court enter judgment awarding Plaintiffs' costs, expenses, and attorneys' fees incurred herein; and

47.    That this Court order such other relief as the Court deems proper and necessary.

Respectfully Submitted,

Dated: January 28, 2010

**LAW OFFICES OF JONATHAN STEIN**
Lead Attorneys for Shaunna Mann, Roderick
Mann, and Jim Green

By: _____

JONATHAN STEIN, Esq.
California Bar No. 123894
1875 Century Park East, Ste. 1500
Los Angeles, CA. 90067
Telephone: (310) 587-2277
Facsimile: (310) 587-2281
Email:  jstein@jsteinlaw.com

Dated: January 28, 2010

**LAW OFFICES OF DEMETRIOS KIRKILES**
Local Counsel for Shaunna Mann, Roderick
Mann, and Jim Green

By:____/s/ Demetrios Kirkiles_____

DEMETRIOS KIRKILES, Esq.
Florida Bar No. 946930
1619 South Andrews Ave.
Fort Lauderdale, Florida 33316
Telephone:  954-463-6500
Email: kirkileslaw@bellsouth.net

*24*